**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MICHELLE MOFSHIN,

                                Plaintiff,

              - against -

NATIONAL AVIATION COMPANY OF INDIA
LIMITED, AIR INDIA LIMITED, and JETBLUE
AIRWAYS CORPORATION,

                               Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 14-6276 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has received the March 9, 2016 letter motion of Defendant Air India Limited seeking (1) to extend the fact discovery deadline in this matter from March 11, 2016 to April 25, 2016 so that Defendant may depose non-party witnesses Tammy Shapiro and Craig Shapiro (together, "the Shapiros") near their residence in Henderson, Nevada; and (2) permission to serve the Shapiros with deposition notices and subpoenas by certified mail rather than by personal service. *See* DE 57. In light of the contents of Defendant's motion, which is made with Plaintiff's consent, the Court hereby GRANTS the request to extend the deadline to complete fact discovery to April 25, 2016.

       Defendant's application to serve the Shapiros with their deposition notices and subpoenas by certified mail is also GRANTED. Under Federal Rule of Civil Procedure 45(b)(1), "[s]erving a subpoena requires ***delivering*** a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1) (emphasis supplied). This language "does not explicitly demand

personal service of a subpoena," and "'neither requires in-hand service nor prohibits alternative means of service.'" *Cordius Trust v. Kummerfeld*, No. 99-CV-3200, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)). Moreover, "'there is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service.'" *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14-CV-1783, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (quoting *JP Morgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-CV-9116, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)) (internal quotation marks and alterations omitted). "Accordingly, district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice." *Tube City*, 2014 WL 6361746, at *2 (collecting cases); *see, e.g.*, *id.* at *3 (approving service of subpoenas on non-party "by attaching a copy of the subpoenas to the door of Mr. Anza's residence and [] mailing a copy of the subpoenas to Mr. Anza's residence by certified mail," and noting that these methods "are similarly quite likely to provide Mr. Anza with actual timely notice"); *Ultradent Prods., Inc. v. Hayman*, No. M8-85, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (approving service of subpoena on third party SDM by certified mail, "[g]iven that certified mail return receipt requested requires delivery to the addressee and proof of delivery, that the text of Rule 45 only requires delivery and not personal service, the precedent of *Cordius*, the verified actual receipt of the Subpoena by SDM, and the practical circumstances . . . in this case"); *Cordius*, 2000 WL 10268, at *1-*2 (permitting service of subpoena by certified mail where, *inter alia*, the doorman of the witness' building "repeatedly barred the process server from

2

ascertaining whether [the witness] was in his apartment"); *King*, 170 F.R.D. at 356 (upholding service of subpoena by mail to third party witness's home).

Here, Defendant has noticed the depositions of the Shapiros for March 25, 2016 in Henderson, Nevada, where the Shapiros reside. *See* DE 57 at 1, 1 n.1. According to Defendant, Craig Shapiro has indicated that he "would not voluntarily sit for a deposition." *Id.* at 1. Defendant states that its process server has made four attempts to serve the Shapiros "in their gated community" with copies of the deposition notices and subpoenas but has been unable to effectuate personal service. *Id.* Defendant further states that, on March 6, 2016, "the process server received a telephone call from Mr. Shapiro asking to 'leave him alone' and that the police had been called." *Id.*

In light of Defendants' previous attempts to personally serve the Shapiros at their residence, and the fact that Craig Shapiro is apparently aware of Defendant's intent to depose him and of the process server's attempts to effectuate service, the Court will permit Defendant to serve the Shapiros by certified mail. *See Cordius*, 2000 WL 10268, at *2 ("[G]iven the textual ambiguity of Rule 45 combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve Kummerfeld by certified mail."). As the *Cordius* court noted, service by certified mail "reasonably insures actual receipt of the subpoena by the witness[es]," and "is reasonably calculated under the circumstances to provide [the witnesses] with both notice and an opportunity to present objections." *Id.*; *Ultradent*, 2002 WL 31119425, at *4 (same); *see also Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507, 2010 WL 2346283, at *4 (E.D.N.Y. Apr. 21, 2010) *report and recommendation adopted*, 2010 WL

2346276 (E.D.N.Y. June 8, 2010) (quoting *Cordius* and acknowledging that "[s]ervice by certified mail . . . may meet the requirements of Rule 45 because it is 'reasonably designed to ensure actual receipt'").

The Court is further directing that, in addition to serving the Shapiros by certified mail, Defendant serve them by overnight mail as well, and keep a record of the tracking receipts.

**SO ORDERED.**

Dated: Central Islip, New York
March 14, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge